## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF:<br><br>Biedermann Manufacturing Industries<br>Incorporated,<br><br>   Debtor | Case No. 10-9207-8<br>Chapter 11 |
|---|---|

### Motion For Authority To Use Cash Collateral

Biedermann Manufacturing Industries Incorporated (the "Debtor") moves the Court pursuant to §363 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure as follows:

1. On November 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code, and operates as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3. The Debtor is a Connecticut corporation that has been engaged in the business of manufacturing precision screw machine products since 1983. The Debtor has business operations in Thomaston, Connecticut, Raleigh, North Carolina and Westminster, South Carolina. The Debtor sells its products throughout the United States and internationally to equipment manufacturers.

4. Over the past few years, the Debtor's business has declined as a result of the recession and global outsourcing. The Debtor's facility in Connecticut continues to be profitable, while the facilities in North Carolina and South Carolina have experienced significant losses.

### Branch Banking and Trust Company

5. On October 14, 2008, the Debtor entered into a Letter Loan Agreement – Term Loan (Facility A) and Line of Credit (Facility B) with Branch Banking and Trust Company ("BB&T") which provides for (i) a $900,000 term loan ("Term Loan"), and (ii) a $150,000 revolving line of credit ("Revolver Loan"). Each loan constitutes a separate note and is secured

by a first priority security interest in all existing and after-acquired accounts, inventory, equipment, general intangibles and the proceeds thereof. As of October 21, 2010, the outstanding principal, interest and fees owed under the Term Loan totaled $670,124.72 and the outstanding amount owed under the Revolver Loan totaled $154,039.59.

6.  The Debtor's initial assessment is that BB&T is properly perfected and has a first lien upon the Debtor's assets pledged to secure the Term Loan and the Revolver Loan (the "BB&T Indebtedness"). However, the Debtor reserves for itself, any Committee of Unsecured Creditors subsequently created, and any trustee subsequently appointed, any and all rights to challenge, avoid, object to, set aside or subordinate any of the aforesaid claims, liens, security interests or rights of setoff. The Debtor does not believe that any other creditors have or assert liens upon or security interests in the Debtor's inventory or accounts receivable, or the proceeds thereof.

7.  The proceeds of the accounts receivable and inventory of the Debtor subject to the BB&T liens or security interests would constitute "cash collateral" as that term is defined in the Bankruptcy Code, the use of which is subject to the restrictions set forth in § 363.

**Relief Requested**

8.  The Debtor is dependent upon continued and uninterrupted use of the proceeds from collections on its accounts receivable, and from funds or accounts generated by the sale of its inventory, for revenue.

9.  While the Debtor may have some unrestricted cash in its accounts as of the Petition Date, the Debtor will need to receive and use the proceeds of inventory and accounts to pay on-going costs of operating, insuring, preserving, and protecting the business and property of the estate. If not permitted to use the cash collateral of BB&T to pay its ordinary operating expenses, the Debtor will have to close down operations forthwith. Such precipitous action, if required, would render reorganization impossible and severely reduce the fair market value of the estate, resulting in financial loss to all parties in interest. To that end, the Debtor requests the Court to authorize the use of cash collateral as set forth herein.

10. An order granting interim relief, followed by a final hearing at some future date selected by the Court, would not prejudice the rights of BB&T, the only creditor asserting an interest in cash collateral, and BB&T will be adequately protected for such use by a replacement lien on post-petition accounts and inventory including completed finished goods. The use of such

funds is necessary to continue operations without interruption and will generate new receivables and preserve the value of the estate for creditors.

    11.    The Debtor offers to provide BB&T with adequate protection by:

        a.    Limiting the use of cash collateral as generally projected in the attached budget, not to exceed 110% on a line-item cumulative basis, pending further orders of the Court after notice and hearing.

        b.    Providing BB&T with a continuing post-petition lien and security interest in all property and categories of property of the Debtor in which and of the same priority as said creditor held a similar, unavoidable lien as of the Petition Date, and the proceeds thereof, whether acquired pre-petition or post-petition (the "Post-petition Collateral"), equivalent to a lien granted under Section 364(c)(2) and (3) of the Bankruptcy Code, but only to the extent of cash collateral used.

            i.    The validity, enforceability, and perfection of the aforesaid post-petition liens on the Post-Petition Collateral shall not depend upon filing, recordation, or any other act required under applicable state or federal law, rule, or regulation. If BB&T hereafter requests the Debtor to execute and deliver financing statements or other such instruments or documents reasonably considered by said creditor to be necessary or desirable to further evidence the perfection of liens and security interest herein granted, the Debtor would be authorized and directed to execute and deliver such financing statements, instruments, and documents to BB&T without further notice, hearing, or order.

            ii.    Notwithstanding the lien therein granted to BB&T to secure the Debtor's use of its cash collateral, such creditor shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner/operator" with respect to the operation or management of the Debtor solely by virtue of any terms or conditions of the Order.

        c.    Providing BB&T with an administrative expense claim to the extent the use of cash collateral, after application of the proceeds of the replacement collateral, results in a decrease in the value of such entity's interest in such property.

       d.     Providing BB&T with financial reports in form and frequency reasonably acceptable to BB&T.

12.     The Debtor seeks authority to use cash collateral through and including the effective date of a confirmed plan of reorganization or liquidation, or the conversion of this case to Chapter 7, whichever may first occur: provided, however, without further notice and hearing the Debtor may not use cash collateral for any purpose other than operations in the ordinary course of business or the payment of allowed administrative fees, costs, or expenses, irrespective of whether such purpose would be proper under applicable law.

13.     The Debtor proposes that to the extent that BB&T has any objection to any of the items paid or provided for as set forth in the monthly reports or other reports of operations filed or furnished to said creditor, or objects to a proposed budget or to a specific manner in which cash collateral is being used, then said creditor may, upon ten (10) days notice to the Debtor and opportunity to cure: (i) seek an order of the Bankruptcy Court restraining such payments or usage as not being in conformity with this Motion; or (ii) seek an Order terminating further authority to use cash collateral altogether.

14.     The Debtor seeks the consent of BB&T to the use of cash collateral for the limited purposes set forth in this Motion. In the absence of such consent, if not forthcoming, the Debtor asks the Court to authorize such use and to provide adequate protection to such creditor to the extent the use of cash collateral impairs such creditor's interest, in a manner and to the extent to be determined by the Court at the hearing on this Motion.

Wherefore, the Debtor prays the Court for the following relief:

1.     That an interim order in the form attached hereto as **Exhibit A** be entered by this Court after notice and interim hearing (i) authorizing the Debtor to use cash collateral in an amount to be determined at the interim hearing based upon the proposed budget attached thereto, and (ii) providing BB&T with adequate protection as set forth herein.

2.     That a final hearing be held regarding this motion, the interim order, and the Debtor's request for a final order, after providing such notice as is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

3.     Such other relief as the Court may deem necessary and proper.

Respectfully submitted on behalf of the Debtor, this the 9th day of November, 2010.

/s/ John A. Northen

**Counsel for the Debtor:**
Northen Blue, LLP
John A. Northen, NCSB #6789
jan@nbfirm.comj
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441


EXHIBIT A

## Cash Flow Budget Worksheet

*This automated form is made available compliments of CCH Business Owner's Toolkit*

| Updated 11/9/10 | Nov 7-13 | Nov 14-20 | Nov 21-27 | Nov 28-Dec 4 | Dec 5-11 | Dec 12-18 | Dec 19-25 | Dec 26-Jan 1 | Jan 2-8 | Jan 9-15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balance** | $18,000 | $1,921 | $30,045 | $26,077 | $5,830 | $10,400 | $28,185 | $36,582 | $8,329 | $12,178 | |
| **Cash Inflows (Income):** | | | | | | | | | | | |
| Accts. Rec. Collections | $26,500 | $58,500 | $61,700 | $33,800 | $62,900 | $64,800 | $59,500 | $28,000 | $48,700 | $55,700 | $500,100 |
| Loan Proceeds | | | | | | | | | | | $0 |
| | | | | | | | | | | | $0 |
| **Total Cash Inflows** | $26,500 | $58,500 | $61,700 | $33,800 | $62,900 | $64,800 | $59,500 | $28,000 | $48,700 | $55,700 | $500,100 |
| **Available Cash Balance** | $44,500 | $60,421 | $91,745 | $59,877 | $68,730 | $75,200 | $87,685 | $64,582 | $57,029 | $67,878 | |
| **Cash Outflows (Expenses):** | | | | | | | | | | | |
| Raw Materials | $0 | $6,617 | $4,528 | $5,961 | $6,293 | $6,071 | $3,743 | $6,075 | $5,828 | $6,242 | $51,357 |
| Freight In | $0 | $212 | $145 | $191 | $201 | $194 | $120 | $194 | $186 | $200 | $1,643 |
| Outside Service (HT & Plate) | $1,385 | $1,266 | $866 | $1,140 | $1,204 | $1,161 | $716 | $1,162 | $1,115 | $1,194 | $11,210 |
| Factory Tools | $274 | $213 | $146 | $192 | $202 | $195 | $120 | $195 | $188 | $201 | $1,926 |
| Factory Supplies | $0 | $247 | $169 | $223 | $235 | $227 | $140 | $227 | $218 | $233 | $1,920 |
| Cutting Oil (Solvent) | $0 | $447 | $0 | $718 | $0 | $447 | $0 | $0 | $718 | $0 | $2,330 |
| Grinding Service | $0 | $558 | $382 | $503 | $531 | $512 | $316 | $512 | $492 | $527 | $4,332 |
| Misc/ Maint Repair | $0 | $460 | $315 | $415 | $438 | $422 | $260 | $423 | $405 | $434 | $3,573 |
| Waste Removal | $0 | $305 | $0 | $103 | $0 | $305 | $0 | $103 | $0 | $305 | $1,121 |
| Payroll | $28,000 | $8,000 | $23,700 | $17,000 | $20,500 | $20,500 | $20,500 | $17,000 | $20,500 | $20,500 | $196,200 |
| Payroll Taxes | $11,210 | $3,200 | $9,400 | $6,700 | $8,200 | $8,200 | $8,200 | $6,700 | $8,200 | $8,200 | $78,210 |
| Health Ins/ AFLAC/ 401K | $1,650 | $1,650 | $2,419 | $20,031 | $1,650 | $1,650 | $2,419 | $18,837 | $1,650 | $1,650 | $53,606 |
| Rent or Lease | $0 | $0 | $8,033 | $0 | $17,500 | $0 | $8,033 | $0 | $0 | $17,500 | $51,066 |
| Bank Charges/401k Admin | $0 | $0 | $700 | $294 | $0 | $700 | $0 | $294 | $0 | $0 | $1,988 |
| Office Copier/ Postage | $0 | $146 | $275 | $147 | $146 | $275 | $147 | $0 | $146 | $146 | $1,428 |
| Telephone | $0 | $394 | $594 | $370 | $270 | $394 | $594 | $370 | $270 | $270 | $3,526 |
| Utilities (Gas, Electric, Water) | $0 | $6,600 | $8,200 | $0 | $900 | $5,700 | $0 | $4,100 | $0 | $900 | $26,400 |
| Auto Expense (Gas) | $60 | $60 | $60 | $60 | $60 | $60 | $60 | $60 | $60 | $60 | $600 |
| Quarterly Court Fees | | | | | | | | | | $4,875 | $9,750 |
| Insurance (Property & WC) | | | $5,736 | | | | $5,736 | | | | $11,472 |
| **Subtotal** | $42,579 | $30,376 | $65,668 | $54,047 | $58,330 | $47,015 | $51,104 | $56,253 | $44,851 | $63,437 | $513,659 |
| **Subtotal** | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total Cash Outflows** | $42,579 | $30,376 | $65,668 | $54,047 | $58,330 | $47,015 | $51,104 | $56,253 | $44,851 | $63,437 | $513,659 |
| **Ending Cash Balance** | $1,921 | $30,045 | $26,077 | $5,830 | $10,400 | $28,185 | $36,582 | $8,329 | $12,178 | $4,441 | |
| **Accounts Receivable** | | | | | | | | | | | |
| Beginning Balance | $313,067 | $319,023 | $318,066 | $295,737 | $313,771 | $305,590 | $293,582 | $266,626 | $291,451 | $293,429 | $479,042 |
| Plus Sales | $32,456 | $57,543 | $39,371 | $51,834 | $54,719 | $52,792 | $32,544 | $52,825 | $50,678 | $54,280 | $500,100 |
| Less A/R Collections | $26,500 | $58,500 | $61,700 | $33,800 | $62,900 | $64,800 | $59,500 | $28,000 | $48,700 | $55,700 | $500,100 |
| Ending A/R Balance | $319,023 | $318,066 | $295,737 | $313,771 | $305,590 | $293,582 | $266,626 | $291,451 | $293,429 | $292,009 | |
| **R/M,F/G,UFG Inventory** | | | | | | | | | | | |
| Beginning Balance | $1,644,000 | $1,618,084 | $1,602,271 | $1,594,139 | $1,596,451 | $1,604,073 | $1,609,447 | $1,598,247 | $1,603,658 | $1,607,738 | $449,877 |
| Plus Completed Parts | $6,540 | $41,730 | $31,239 | $54,146 | $62,341 | $58,166 | $21,344 | $58,236 | $54,758 | $61,377 | $479,042 |
| Less Sales | $32,456 | $57,543 | $39,371 | $51,834 | $54,719 | $52,792 | $32,544 | $52,825 | $50,678 | $54,280 | |
| Ending Balance | $1,618,084 | $1,602,271 | $1,594,139 | $1,596,451 | $1,604,073 | $1,609,447 | $1,598,247 | $1,603,658 | $1,607,738 | $1,614,835 | |
| **A/R & Inventory Combined** | | | | | | | | | | | |
| Beginning Balance | $1,957,067 | $1,920,337 | $1,889,876 | $1,910,222 | $1,909,663 | $1,903,029 | $1,864,873 | $1,895,109 | $1,901,167 | $1,906,844 | |
| | $1,937,107 | | | | | | | | | | |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF:<br><br>Biedermann Manufacturing Industries Incorporated,<br><br>Debtor | Case No. 10-9207-8<br>Chapter 11 |
|---|---|

## Notice of Motion

    The Debtor filed a motion with the Court requesting entry of an Order (i) authorizing the Debtor to use cash collateral in an amount to be determined at the interim hearing based upon the proposed budget, and (ii) providing BB&T with adequate protection as set forth herein. Notice is hereby given that the Motion may be allowed provided no response and request for a hearing is made by the parties in interest in writing to the Clerk of this Court within fourteen (14) days from the date of this Notice (by November 29, 2010); and

    Further notice is given that if a response and a request for a hearing is filed by the parties in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion thereto ex parte without further notice.

    Respectfully submitted on behalf of the Debtor, this the 9th day of November, 2010.

    /s/ John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.comj
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF:<br><br>Biedermann Manufacturing Industries Incorporated,<br>              Debtor | Case No. 10-9207-8<br>Chapter 11 |
|---|---|
| **CERTIFICATE OF SERVICE** ||

I hereby certify that I have this day served a copy of the foregoing:
1) by automatic electronic service on:

| Marjorie K. Lynch<br>Bankruptcy Administrator Office<br>434 Fayetteville St. Mall<br>Suite 620<br>Raleigh, NC  27601 | |
|---|---|

2) by depositing a copy of the Notice of Motion in an envelope bearing sufficient postage in the United States mail at Chapel Hill, North Carolina, addressed to the following parties at the following addresses which is the last address known to me:

| Avins Industrial Products<br>Attn:  Managing Agent<br>2 North Road<br>Warren, NJ  07059 | Bank of America VISA<br>Attn:  Managing Agent<br>P O Box 15170<br>Wilmington, DE 19886 |
|---|---|
| BB&T VISA<br>Attn:  Managing Agent<br>P O Box 580340<br>Charlotte, NC  28258 | Brooks Pierce & McLendon<br>Attn:  Managing Agent<br>150 Fayetteville Street Mall, Ste 1600<br>Raleigh, NC  27602 |
| Connecticut Dept of Revenue<br>Attn:  Managing Agent<br>25 Sigourney Street, Suite 2<br>Hartford, CT  06106-5032 | Connecticut Dept. of Environ. Protection<br>Bureau of Financial and Support Services<br>79 Elm Street<br>Hartford, CT  06106 |
| Hartford Life<br>Attn:  Managing Agent<br>P O Box 2907<br>Hartford, CT  06104-4465 | House of Metals, dba Gibraltar Metals<br>Attn:  Managing Agent<br>385 Stamm Road<br>Newington, CT 06111 |
| Internal Revenue Service<br>Special Procedures<br>320 Federal Place, Room 312<br>Greensboro, NC  27401 | Massachusetts Dept of Revenue<br>Attn:  Managing Agent<br>P O Box 7010<br>Boston, MA  02204 |

| | |
|---|---|
| Metal Shapes & Alloys, LLC<br>Attn: Managing Agent<br>3300-D North Main Street<br>Anderson, SC 29621-4128 | NC Dept of Revenue<br>Attn: Managing Agent<br>P O Box 25000<br>Raleigh, NC  27640 |
| Oconee County Tax Collector<br>Attn: Managing Agent<br>P O Box 29691<br>Greenville, NC  29601 | Progress Energy<br>Attn: Managing Agent<br>P O Box 20481<br>Raleigh, NC  27698 |
| Ron White's<br>Attn: Managing Agent<br>4019 S. Murray Avenue<br>Anderson, SC 29624 | Scales Industrial Tech<br>Attn: Managing Agent<br>292 Pratt Street<br>Meriden, CT  06450 |
| SC Dept of Revenue<br>Sales Tax Section<br>Columbia, SC 29214-0001 | Thomaston Tax Collector<br>P O Box 136<br>Thomaston, CT  06787 |
| Wake County Tax Collector<br>P O Box 2331<br>Raleigh, NC  27602 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P O Box 21126<br>Philadelphia, PA  19114 |
| BB&T<br>Attn: Managing Agent<br>P O Box 27961<br>Raleigh, NC  27611 | |

This the 9th day of November, 2010.

/s/ John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441